**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

PAMELA WRIGHT; JOHN C. KENT;                                    PLAINTIFFS
NORTHARK TITLE GROUP, INC.;
and FIRST TO CLOSE, LLC

v.                                      No. 1:11CV00077 JLH

JAMES A. BARNES; NICK BRAY;
NICK ROACH; JAMES BARNES AND
ASSOCIATES, INC.; and
OZARK HERITAGE BANK, N.A.                                       DEFENDANTS

## ORDER

The plaintiffs commenced this action in the Circuit Court of Stone County, Arkansas, alleging several causes of action under state law. The plaintiffs later amended the complaint asserting that they are entitled to review certain books and records of Ozark Heritage Bank pursuant to 12 U.S.C. § 62. Thereafter, the defendants removed the case to this Court, asserting that the Court has jurisdiction under 28 U.S.C. § 1331. The defendants have now filed motions to dismiss the state law claims. One of the defendants has reserved the right to seek remand of the state law claims pursuant to 28 U.S.C. § 1441(c). The time within which the plaintiffs must respond to the motions to dismiss has not expired.

Because the Court must first ascertain whether it has subject matter jurisdiction before deciding other issues, the Court directs that the plaintiffs, in their response to the motions to dismiss, brief the issue of whether the issue pertaining to 12 U.S.C. § 62 is sufficiently central to the dispute to support federal question jurisdiction. *See* 13D Wright, Miller, Cooper & Freer, *Federal Practice & Procedure: Jurisdiction and Related Matters* § 3562 (3d ed. 2008). The plaintiffs should also

brief the issue of whether, if the Court has jurisdiction, the Court should remand all matters in which state law predominates pursuant to 28 U.S.C. § 1441(c).

The plaintiffs' brief on this issue will be due on or before October 18, 2011. The response, if any, from the defendants will be due on or before November 1, 2011. The reply, if any, by the plaintiffs will be due on or before November 8, 2011.

The deadlines for responding to the motions to dismiss are suspended pending resolution of these issues. In other words, the plaintiffs need not respond to the motions to dismiss until the Court has decided, first, whether it has subject matter jurisdiction and, if so, whether to remand the issues in which state law predominates. If the Court concludes that it has subject matter jurisdiction and should not remand the issues on which state law predominates, the Court will set new deadlines for the plaintiffs' responses to the motions to dismiss.

IT IS SO ORDERED this 30th day of September, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE