**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PAMELA WRIGHT; JOHN C. KENT;                                                   PLAINTIFFS
NORTHARK TITLE GROUP, INC.;
and FIRST TO CLOSE, LLC

v.                                              No. 1:11CV00077 JLH

JAMES A. BARNES; NICK BRAY;
NICK ROACH; JAMES BARNES AND
ASSOCIATES, INC.; and
OZARK HERITAGE BANK, N.A.                                                      DEFENDANTS

**ORDER**

The plaintiffs commenced this action in the Circuit Court of Stone County, Arkansas, seeking compensatory and punitive damages for alleged violations of the Arkansas Deceptive Trade Practices Act, tortious interference with business expectancy, defamation, fraud, negligence, and breach of the covenant of good faith and fair dealing. All of the parties are citizens of the State of Arkansas, and all of the plaintiffs' claims for damages arise under the laws of the State of Arkansas.

In addition to the claims for damages, two of the plaintiffs (Pamela Wright and John C. Kent), allege that they own stock in Ozark Heritage Bank, N.A., and they seek an order pursuant to 12 U.S.C. § 62 requiring Ozark Heritage Bank to permit them to inspect records of the bank that 12 U.S.C. § 62 require to be kept and made available to shareholders and creditors. The defendants removed the action pursuant to 12 U.S.C. § 1441, contending that the Court has subject matter jurisdiction pursuant to 12 U.S.C. § 1331 inasmuch as the plaintiffs seek to enforce rights guaranteed by 12 U.S.C. § 62. The defendants have filed a motion to remand.

The removal statute provides that whenever a separate and independent claim within the jurisdiction conferred by section 1331 is joined with one or more nonremovable claims, the entire case may be removed, and the district court may determine all issues or, in its discretion, may

remand on all matters in which State law predominates. 28 U.S.C. § 1441(c). The claim of Pamela Wright and John C. Kent to review bank records pursuant to 12 U.S.C. § 62 is separate and independent from the tort claims on which the claims for compensatory and punitive damages are based. All of the tort claims are governed by state law and are nonremovable.

Pursuant to 28 U.S.C. § 1441(c), the Court remands all of the plaintiffs' claims for damages to the Circuit Court of Stone County, Arkansas. The Court retains jurisdiction over the claim of Pamela Wright and John C. Kent against Ozark Heritage Bank, N.A., to enforce their right to review records of Ozark Heritage Bank pursuant to 12 U.S.C. § 62. On that claim, the Court directs counsel for the plaintiffs and counsel for Ozark Heritage Bank to confer within fourteen days from the entry of this order and submit to the Court a joint report with a proposed schedule as to how to proceed on the claim that arises under 12 U.S.C. § 62.

## CONCLUSION

For the reasons stated, the motion to remand is granted in part. Document #12. Except for the claim of Pamela Wright and John C. Kent against Ozark Heritage Bank, N.A., pursuant to 12 U.S.C. § 62, this action is remanded to the Circuit Court of Stone County, Arkansas. Within fourteen days from the entry of this order, the lawyers for the parties must confer and submit a joint report regarding the manner and scheduling for proceeding on the claim under 12 U.S.C. § 62.

IT IS SO ORDERED this 15th day of November, 2011.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE