**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

PAMELA WRIGHT and JOHN C. KENT                                PLAINTIFFS

v.                                No. 1:11CV00077 JLH

OZARK HERITAGE BANK, N.A.                                       DEFENDANT

**OPINION AND ORDER**

Ozark Heritage Bank, N.A., has filed a motion for summary judgment on the claim of Pamela Wright and John C. Kent pursuant to 12 U.S.C. § 62. That statute provides:

> The president and cashier of every national banking association shall cause to be kept at all times a full and correct list of the names and residences of all the shareholders in the association, and the number of shares held by each, in the office where its business is transacted. Such list shall be subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under State authority, during business hours of each day in which business may be legally transacted. A copy of such list, verified by the oath of such president or cashier, shall be transmitted to the Controller of the Currency within ten days of any demand therefor made by him.

Ozark Heritage Bank has submitted the affidavit of Ron Sims, president of the bank, stating that the bank maintains a shareholder list for inspection by the bank's shareholders and that he permitted the plaintiffs to inspect that list on December 6, 2011. He says:

> I observed Plaintiffs' inspection of the Shareholder List, wherein Plaintiffs took extensive notes of the Shareholder List. More specifically, Plaintiffs used a notebook computer to type information from the Shareholder List into their own word processing document, and Plaintiffs read the information from the Shareholder List into a voice recording device.

The plaintiffs concede that such an inspection was, indeed, made, but they contend that it was not sufficient. The affidavit of John C. Kent establishes that the plaintiffs wish to make a photocopy of the list and to see additional information, including the dates on which stocks were purchased, purchase price of the stock and the value of it, and other similar information.

In their brief, the plaintiffs cite numerous cases regarding the common law duty of banks to provide information to shareholders, but they cite no cases to show that the inspection of the shareholder list on December 6, 2011, failed to comply with the requirements of 12 U.S.C. § 62. One of the cases cited by the plaintiffs is *Lorge v. Consolidated Nat'l Bank*, 105 A.D. 409, 94 N.Y.S. 173 (1905). In that case, the plaintiff sought to make a copy of the list of shareholders, and that request was refused. The New York court held that under 12 U.S.C. § 62 a shareholder had a right to make a copy. The court said:

> It is not to be presumed that he can carry in his memory all of its contents, and, as the inspection is granted for the purpose of informing him concerning the matter, he has the right to make such copies and memoranda as will make the inspection effectual not only by conveying to his mind the contents of the book, but also by enabling him to retain the same in such form that he may act thereon for any legitimate purpose. The right of inspection, therefore, carries with it the right to make such extracts from the book as will enable the shareholder to retain the information disclosed by the inspector.

*Id.* at 175. Here, the undisputed evidence establishes that the plaintiffs were given the opportunity to write down any information that they saw on the shareholder list, dictate the information into a dictation machine, and type it into a computer, all of which represents a greater ability to make a copy of the shareholder list than would have been available in 1905, when *Lorge v. Consolidated Nat'l Bank* was decided.

While it was inhospitable of the bank not to allow the plaintiffs to make a photocopy of the list, the Court cannot say that 12 U.S.C. § 62 requires that shareholders be allowed to make a photocopy. That statute was enacted in 1864, long before the advent of copying machines. For whatever reason, congress has chosen not to revise the statute so as to require banks to allow

shareholders to photocopy shareholder lists.[1]  Neither will the Court amend the statute.  Therefore, the bank's motion for summary judgment on the claims of Pamela Wright and John C. Kent pursuant to 12 U.S.C. § 62 is granted.  Document #31.

Nothing in this opinion is intended to address the issue of whether Wright and Kent may be entitled to the information they seek in the case pending in the Circuit Court of Stone County by means of the discovery procedures available through the Arkansas Rules of Civil Procedure.

The plaintiffs have also filed a motion for leave to file a first amended complaint.  That motion is DENIED AS MOOT.  Document #27.  The plaintiffs may seek to amend their complaint in the Circuit Court of Stone County, Arkansas.  They seek to assert claims that the officers and directors of the bank did not engage in safe and sound banking practices.  Although some of the issues may relate to federal regulations, the actual claims to be asserted are breach of fiduciary duty and related claims that arise under state law.  Therefore, there is no need for those claims to be asserted in this action, which is being dismissed.

For the reasons stated, the motion for summary judgment is GRANTED.  Document #31.

IT IS SO ORDERED this 28th day of February, 2012.

_J. Leon Holmes_

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] The Controller of the Currency has explained, "The primary purpose of the statute, as enacted, was to identify those shareholders upon whom double liability could be imposed in the case of insolvency of a national bank."  7 O.C.C.Q.J. 70, 1988 WL 425842 (O.C.C.).  That purpose disappeared when the double liability statutes were repealed in Pub. L. No. 86-230, § 7, 73 Stat. 457 (1959).  *Id.*

3